UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

MICHAEL HALL,
   Plaintiff,

vs.                                                                             No. 14-1326

IDOC DIRECTOR GODINEZ, et al.,
   Defendants

MERIT REVIEW AND CASE MANAGEMENT ORDER

      The *pro se* Plaintiff, a state prisoner, initially filed his complaint on August 14, 2014, but now has filed a motion requesting leave to amend his pleadings. [4] The motion is granted. [4] The court is required by 28 U.S.C. §1915A to "screen" the Plaintiff's amended complaint, and through such process to identify and dismiss any legally insufficient claim, or the entire action if warranted. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §1915A.

      Before reviewing the Plaintiff's allegations, the court notes the Plaintiff has accumulated at least three strikes pursuant to 28 U.S.C. §1915A(g)[1]. This statute provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury. 28 U.S.C. § 1915(g).

      The Plaintiff did not mention his three strikes status in his motion to proceed *in forma pauperis* and therefore it was not considered when his motion was granted. *See* September 23, 2014 Text Order. However, the Plaintiff does reference "three strikes" and "imminent danger"

---

[1] *See* Southern District of Illinois Cases*: Hall v. Taylor*, Case No. 11-cv-21(dismissed Feb. 5, 2011, for failure to state a claim); *Hall v. Carter*, Case No. 10-cv-944 (dismissed Feb. 6, 2011, for failure to state a claim); *Hall v. Gardener*, Case No. 10-cv-539 (dismissed Feb. 9, 2011, for failure to state a claim); *Hall v. Pautler*, Case No.10-cv-766 (dismissed Feb. 12, 2011, for failure to state a claim); *Hall v. Taylor,* Case No.10-cv-947 (dismissed Feb.12, 2011, as frivolous); *Hall v. Allsup*, Case No. 10-cv-643 (dismissed Mar. 28, 2011, for failure to state a claim); *Hall v. Randle*, Case No. 10-cv-642 (dismissed Apr. 1, 2011, as frivolous and for failure to state a claim); *Hall v. Brown,* Case No. 10-cv-724 (dismissed Apr. 13, 2011, for failure to state a claim); *Hall v Rovner*, 13-cv-270(dismissed April 17, 2013 as frivolous).
.

1

in his amended complaint. [4] Therefore, to proceed with his lawsuit without first paying the filing fee, the Plaintiff's amended complaint must pass a two prong test.  The first prong of this inquiry is whether the harm alleged is imminent.  The Seventh Circuit has construed this prong of the exception narrowly, holding that it is "an escape hatch for genuine emergencies," where "time is pressing" and "a threat ... is real and proximate." *Heimermann v Litxcher,* 337 F3d 781 (7th Cir. 2003) *citing Lewis v. Sullivan,* 279 F.3d 526, 531 (7th Cir. 2002). The second prong of the imminent danger inquiry has to do with what qualifies as "danger."  The statute says the danger must be of "serious physical injury." 28 U.S.C. § 1915(g). Finally, the Seventh Circuit has recognized that courts should deny leave to proceed *in forma pauperis* "when prisoner's claims of imminent danger are conclusory or ridiculous." *Ciarpagini,* 352 F3d at 330.

The Plaintiff's rambling complaint is difficult to follow.  For instance, the Plaintiff says he is in imminent danger because Officers Corely and Marshall "slammed" him to a concrete floor on June 11, 2014, and he will "explain in a lawsuit later." (Amd. Comp., p. 1).  Neither individual is clearly identified as a Defendant in the present lawsuit.  Instead, the Plaintiff alleges a United States District Court Judge for the Central District of Illinois and an Assistant Illinois Attorney General are denying him access to the courts in violation of his constitutional rights.  However, all but one of the Plaintiff's previous lawsuits in the Central District were dismissed when he either failed to inform the court of his three strikes status or he failed to meet the imminent danger exception and did not pay the filing fee. *Hall v IDOC*, Case No. 11-cv-1468 (failure to inform court of three strikes); *Hall v IDOC*, Case No. 13-cv-1170 (no imminent danger exception); *Hall v Spencer*, Case No. 13-cv-1171(failure to state three strikes status); *Hall v Wheat*, Case No.14-1254 (failure to disclose three strikes status); *Hall v IDOC*, Case No. 14-cv-1278 (no imminent danger); *Hall v Rich*, Case No. 11-cv-3400(no imminent danger).

In addition, documentation attached to his amended complaint demonstrates the Plaintiff's mail was restricted after he sent inappropriate mailings to the same female Assistant Attorney General named as a Defendant in his lawsuit. (Amd. Comp, p. 3).  The Plaintiff makes no mention of the other seven named Defendants in the body of his complaint. *See Potter v Clark*, 497 F.2d 1206, 1207 (7th Cir. 1974)("Where a complaint alleges no specific act or conduct on the part of the defendant and the complaint is silent as to the defendant except for his name appearing in the caption, the complaint is properly dismissed, even under the liberal construction to be given *pro se* complaints.")

The Plaintiff has failed to demonstrate he is in imminent danger and therefore the order granting his motion to proceed *in forma pauperis* is vacated. *See* September 23, 2014 Text Order. In addition, the Plaintiff's amended complaint is dismissed as factually frivolous pursuant to §1915A. *Peach v Laborer's Intern. Uno of North American*, 2010 WL 502767 at 2 (S.D.Ill. Feb. 2, 2010)(*in forma pauperis* statute gives judges "the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless."); *Neitzke v Williams*, 490 U.S. 319, 325 (1989)("a complaint, containing as it does both factual allegations and legal conclusions, is frivolous where it lacks an arguable basis either in law or in fact."). The Plaintiff was not denied meaningful access to the courts and instead was repeatedly advised "that in future litigation concerning his incarceration he must do one of two

things: either pay the filing fee in full when he files his lawsuit; or clearly state in his complaint **and** his motion to proceed *in forma pauperis* that he has acquired three strikes pursuant to §1915A(g)." *Hall v IDOC*, Case No. 11-cv-1468, February 8, 2012 Dismissal Order, p. 3, *emphasis added*; *see also Hall v Spencer*, Case No. 12-cv-1171, May 23, 2013 Case Management Order, p. 3; *Hall v Spencer*, Case No. 13-cv-1171, May 23, 2013 Order, p. 2); *Hall v Spencer*, Case No. 13-cv-1171, May 23, 2013 Order, p. 2..

The Plaintiff continues to ignore the court's orders. The Plaintiff again failed to mention his three strikes status in his motion to proceed *in forma pauperis* and did not include any information concerning his litigation history in either complaint. In addition, the Plaintiff continues to file frivolous litigation. He has filed more than twenty-five lawsuits in the Central, Northern and Southern Districts of Illinois and has now accumulated at least ten strikes pursuant to §1915A(g). *See* Southern District of Illinois Case, p.1, Fn. 1. Furthermore, the United States Federal Court for the Southern District of Illinois has entered an order restricting the Plaintiff from filing any new civil actions until he pays all outstanding filing fees which totals nearly $7,000 dollars in the Southern District alone. *See Hall v Rovner*, Case No.13-cv-270, June 26, 2013 Text Order.

This court has repeatedly admonished the Plaintiff that a similar order could be entered in the Central District if he continued to ignore court orders. *See Hall v Spencer*, Case No. 13-1171, May 23, 2013 Order, p. 2; *Hall v IDOC*, Case No. 11-cv-1468, Feb. 22, 2011 Text Order. The warnings have clearly had no impact on the Plaintiff's frivolous filings. In addition, District Court Judges have warned the Plaintiff on three previous occasions that he must not use profane or inappropriate language in his filings or he could face sanctions including filing restrictions. *See Hall v IDOC*, Case No. 11-cv-1168, Feb. 22, 2011 Text Order in the Central District of Illinois, and *Hall v. Taylor,* Case No.10-cv-947, Feb.12, 2011 Court Order, FN 2; *Hall v Randle*, Case No. 10-cv-642, April 1, 2011 Court Order, p. 3, 4 in the Southern District of Illinois; S*ee also Kelly v. Null,* 2009 WL 4065040, at 3, 4 (S.D.Ill. Nov.23, 2009)(financial and filing sanction imposed due to use of profane language). Nonetheless, the Plaintiff's amended complaint and most recent motion in this case contain profane and contemptuous language.[2][4, 8]

"Federal courts have both the inherent power and constitutional obligation to protect their jurisdiction from conduct which impairs their ability to carry out Article III functions." *In re McDonald,* 489 U.S. 180, 184 n. 8 (1989) (quoting *In re Martin–Trigona,* 737 F.2d 1254, 1261 (2d Cir.1984)). The Seventh Circuit Court of Appeals has approved the use of filing restrictions against vexatious litigants. *See Carr v. Tillery,* 591 F.3d 909, 920 (7th Cir.2010) (noting that injunctions prohibiting a vexatious litigant from filing new papers except with court approval "are standard remedies for misconduct in litigation"); *Support Sys. Int'l, Inc. v. Mack,* 45 F.3d 185, 186–87 (7th Cir.1995) (barring a vexatious pro se litigant from filing new papers in the

---

[2] The Plaintiff apparently believes he can disguise some profane words by inserting a question mark for certain letters. His amended complaint twice uses the word "fuc?ing" and refers to the female attorney as either "luscious" or "luscious looking." (Amd. Comp, p. 1,2). His most recent motion includes "Fuc?ing," Damn and "Bitc?"[8, p. 1,2].

3

federal courts of this Circuit for a period of two years); *Free v. United States,* 879 F.2d 1535, 1536 (7th Cir.1989) ("Abusers of the judicial process are not entitled to sue and appeal without paying the normal filing fees—indeed, are not entitled to sue and appeal, period."); *Miller v. United States,* 868 F.2d 236, 241–42 (7th Cir.1989) (upholding a district court's measure requiring a vexatious litigant to obtain prior leave of court before filing new papers); *Lysiak v. C.I.R.,* 816 F.2d 311, 313 (7th Cir.1987) ("A court faced with a litigant engaged in a pattern of frivolous litigation has the authority to implement a remedy that may include restrictions on that litigant's access to the court."). The cumulative effect of the Plaintiff's frivolous and vexatious filings is significant "in clogging the processes for the court and in burdening the judges and staff to the detriment of litigants having meritorious cases." *Mack*, 45 F.3d at 185 (7th Cir. 1995).

Based on the Plaintiff's repeated frivolous filings, failure to follow court orders, abusive language and disregard for previous warnings, the court will impose sanctions on the Plaintiff. The court will order the clerk of the court to return unfiled all papers tendered by this Plaintiff until the Plaintiff has paid in full the outstanding fees in all civil actions he has filed in the Central District of Illinois. *Id.*

IT IS THEREFORE ORDERED:

1) The text order granting the Plaintiff's motion to proceed *in forma pauperis* is vacated. *See* September 23, 2014 Text Order. The Plaintiff's motion to proceed *in forma pauperis* is denied.

2) The Plaintiff's motion for leave to file an amended complaint is granted. [4]

3) The Plaintiff's amended complaint is dismissed as frivolous pursuant to by 28 U.S.C. §1915A. This dismissal also counts as another strike pursuant to 28 U.S.C.A. § 1915(g). The case is dismissed in its entirety with prejudice and all pending motions are denied as moot. [7, 8].

4) The clerk of the court is directed to provide a copy of this order finding the Plaintiff's amended complaint was frivolous to the Illinois Attorney General pursuant to 730 ILDC 5/3-6-3(d).

5) The Plaintiff is responsible for payment of the $400 filing fee in this case. The agency having custody of the Plaintiff is directed to remit the docketing fee of $400.00 from the Plaintiff's prison trust fund account if such funds are available. If the Plaintiff does not have $400.00 in his trust fund account, the agency must send 20 percent of the current balance, or the average balance during the past six months, whichever amount is higher. Thereafter, the agency shall begin forwarding monthly payments from the plaintiff's trust fund account to the clerk of court each time the Plaintiff's account exceeds $10.00 until the statutory fee of $400.00 is paid in its entirety. The filing fee collected shall not exceed the statutory filing fee of $400.00.

6) The clerk of the court is directed to return unfiled all papers tendered by this Plaintiff until the Plaintiff has paid in full the outstanding fees in all civil actions he has filed in

the Central District of Illinois *Support Systems International, Inc. v. Mack*, 45 F.3d 185 (7th Cir. 1995). The Plaintiff currently owes approximately $2,650 in filing fees in this district. This filing restriction does not extend to: a) a notice of appeal from this order; b) a filing of a petition of writ of habeas corpus; c) criminal or civil cases in which Michael Hall is a Defendant; and d) filings in his pending litigation, *Hall v Prentice*, Case No. 12-cv-1221, in which the Plaintiff is represented by counsel. The Plaintiff may seek a modification or recession of this order by filing a motion *no earlier* than two years form the date of entry of this order. Plaintiff must include a copy of this order with any papers he submits to the court while this filing restriction is in place.

7) If the Plaintiff wishes to appeal this order, he may file a notice of appeal with this court within 30 days from the date of this order. Fed.R.App.P 4(a)(4). If the Plaintiff does chose to appeal, he will be liable for the $455.00 appellate filing fee irrespective of the outcome of the appeal. *See* FED. R. APP. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien v. Jockisch,* 133 F.3d 464, 467 (7th Cir. 1998). Moreover, because Plaintiff has "struck out," this Court will not grant him permission to proceed *in forma pauperis* on appeal. Finally, if the appeal is found to be nonmeritorious, Plaintiff may also incur another "strike." A timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline.

Entered this 6th day of October, 2014.

s/ James E. Shadid
_____
JAMES E. SHADID
UNITED STATES DISTRICT JUDGE